IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| MARCUS EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:13cv871-MHT |
| ) | (WO) |
| SHERIFF JIMMY ABBETT ) | |
| (in his individual and ) | |
| official capacities as ) | |
| Sheriff of Tallapoosa ) | |
| County, Alabama); et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Plaintiff Marcus Edwards was incarcerated in the Tallapoosa County Jail in Dadeville, Alabama from June 7 to November 27, 2011. He raises a number of Eighth Amendment claims (pursuant to 42 U.S.C. § 1983) and claims under the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act. Edwards claims that, throughout the period of his incarceration, he was denied adequate medical and mental-health treatment; prevented from participating in programs and

receiving services due to his medical and mental-health conditions; and subjected to other unconstitutional conditions of confinement such as overcrowding, unsanitary conditions, insufficient nutrition, and deprivation of access to showers and outdoor areas.[1] Finally, he claims that these harms resulted from a failure to train, supervise, and instruct staff adequately at the jail. Edwards is suing Tallapoosa County, the municipality that operates the jail, as well as (in their official and individual capacities) Sheriff Jimmy Abbett, jail administrator Blake

---

1. The factual allegations made in the complaint are quite serious. Specifically, Edwards alleges that he was denied necessary medication to treat diagnosed mental illnesses as well as pain from a recent femur fracture; that a medical device necessary to treat his obstructive sleep apnea was damaged by chief jail nurse Cathy Dubose and not repaired and that his sleep was disrupted as a result; that he was housed in an overcrowded and roach-infested cell with no running water and denied showers for days at a time; and that he was discriminated against based on his mental and physical disabilities when the defendants denied him access to the yard and the commissary and transportation to receive both physical therapy and mental-health treatment.

Jennings, and chief jail nurse Cathy Dubose.[2] This court has jurisdiction pursuant to both 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

The defendants moved to dismiss or, in the alternative, for a more definite statement, and the court denied the motion to dismiss but granted, without any discussion, the alternative motion, allowing Edwards to file an amended complaint within 14 days. He did file an amended complaint, albeit two days past the deadline, along with a motion styled as seeking leave to amend (without explanation for the delay). The court then ordered the parties to brief why the motion should or should not be granted. Upon consideration of the parties' responses and for the reasons that follow, Edwards's motion will be granted.

---

2. Edwards alleges that Abbett and Jennings not only supervised the operation of the jail and the provision of medical care to its prisoners but had knowledge of his condition and the treatment he was or was not receiving, because he and his family members repeatedly communicated this information to them. Edwards alleges that Dubose was directly responsible for providing his care and therefore had personal knowledge of his condition.

Although Edwards states in his motion that he is seeking leave to amend, he has actually already been afforded that leave, in the court's order granting the defendants' motion for a more definite statement. Therefore, his motion is more properly considered as a motion for a two-day extension of the deadline for compliance with that order.  Hence, the relevant rule is not Federal Rule of Civil Procedure 15 (governing amended pleadings) but rather Rule 12(e), which states that, when a district court's order for a more definite statement "is not obeyed within 14 days ..., the court may strike the pleading or issue any other appropriate order."  Withdrawal of the already-given leave to amend would be an exceedingly drastic response to Edwards's de minimis delay in filing, which has in no way prejudiced the defendants.[3]  Edwards will therefore be granted the extension his motion effectively requests.[4]

---

3. The defendants suggest that Edwards engaged in dilatory tactics when he represented to the court, in his response to the defendants' motion, that he "anticipated" that he would file an amended complaint within two weeks, and then delayed in doing so until

4

The arguments put forward by the defendants in opposition to Edwards' motion focus not on the minor delay in filing but rather on their contention that his amendment--which, Edwards acknowledges, alters the complaint only slightly--is futile.  They argue, as they did in their initial motion to dismiss, that all of Edwards's claims are barred by the statute of limitations.  Because this argument is virtually the

---

the court had ruled on the motion.  Pl.'s Resp. to Defs.' Mot. to Dismiss (doc. no. 22) at 2.

    Edwards's counsel is cautioned that he must, in future, be circumspect in making representations regarding the submission of documents to the court. Failure to do so could have serious negative repercussions both for his clients and for his law practice. That said, the delay in this instance was in fact occasioned in large part by the court: the defendants' motion had been filed in early January 2014, Edwards's response was filed in the middle of February 2014, and the court did not rule on the motion until the end of March 2015. Even if Edwards's amended complaint had been filed promptly, the case would have been on hold until the court rendered its decision on the motion.

    4. Counsel for Edwards is reminded that the federal rules require careful compliance with all deadlines.  The court will not look kindly on any further failures to comply timely with its orders in this case.

5

sole focus of the defendants' briefing, and because it is likely to be raised again in a renewed motion to dismiss, the court will address it briefly here.

"'[D]ismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred' because '[a] statute of limitations bar is an affirmative defense, and ... plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" Lindley v. City of Birmingham, 515 F. App'x 813, 815 (11th Cir. 2013) (quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)). In other words, "[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." Id. (quoting Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), abrogated on other grounds as recognized in Walter v. Avellino, 564 F. App'x 464, 466 (11th Cir. 2014)).

The court concludes that at least some of Edwards's claims are not due to be dismissed as untimely filed. (Some might well be subject to dismissal as untimely, and it is entirely possible that those claims which did survive would turn out, following discovery and the presentation of evidence at summary judgment, to be time-barred.) For example, Edwards has stated a timely Eighth Amendment claim for denial of healthcare.

The applicable statute of limitations in § 1983 actions is drawn from the relevant state statute of limitations for personal-injury tort claims, which is, in Alabama, two years. See Wallace v. Kato, 549 U.S. 384, 387 (2007); 1975 Ala. Code § 6-2-38.[5]

Edwards was released from jail, it appears, at 6:09 a.m. on November 27, 2011; he filed the complaint in this case on November 27, 2013. The defendants argue that this "provid[es] a limited window for any claim to have arisen"--a bit more than six hours, to be exact--

---

5. Incidentally, this same statute of limitations applies to ADA and Rehabilitation Act claims as well. See Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409-10 (11th Cir. 1998).

7

and that the original and amended complaints fail to "specify any date when the alleged conduct occurred." Defs.' Opp'n to Pl.'s Am. Compl. (doc. no. 26) at 4. But, in fact, Edwards need not allege that his claims first <u>arose</u> on the morning on of November 27, 2011, only that they then <u>accrued</u>. This subtle distinction makes all the difference.

Although state law establishes the length of the period for filing, "federal law controls when the underlying cause of action accrued, triggering this limitations period to begin." <u>Baker v. Sanford</u>, 484 F. App'x 291, 293 (11th Cir. 2012) (citing <u>Wallace</u>, 549 U.S. at 388). "An 'allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided,'" or the date the prisoner is released (and the obligation to provide care thus ends). <u>Id</u>. (quoting <u>Lavellee v. Listi</u>, 611 F.2d 1129, 1132 (5th Cir. 1980)) (concluding that the district court had erred in dismissing a prisoner's

8

claims regarding "prison officials' prolonged failure to provide adequate medical treatment despite his repeated grievances").

Edwards's amended complaint is not exactly a model of precise pleading, but he does allege ongoing refusals to provide care. For example, his complaint states that, "During Plaintiff's incarceration in the Tallapoosa County Jail, Defendants did not allow Plaintiff to attend necessary appointments with his orthopedic surgeon and [] the physical therapist for his rehabilitation." Am. Compl. (doc. no. 24-1) at 2. The complaint also states that "Defendants failed to provide Plaintiff with adequate medication [that he had been prescribed] to treat" his diagnosed post-traumatic stress disorder, major depressive disorder, and attention deficit hyperactivity disorder. Id. at 3. Moreover, the complaint repeatedly states that Edwards or his family members made the defendants aware of his need for this care. In making these allegations, Edwards is not challenging any particular instance in

9

which he was denied care; rather, he contends that he suffered from serious ailments upon entering the jail and consistently requested and was denied treatment for those ailments, throughout his incarceration until the point of his release.

It is hardly "apparent from the face of the complaint that th[is] claim is time-barred," Lindley, 515 F. App'x at 815. To prevail on summary judgment or at trial, Edwards would, of course, have to offer evidence showing that the violations he alleges continued unabated until the day he was released. For now, though, the defendants have not shown that all of his claims are due to be dismissed as time-barred.

That said, the court hereby places plaintiff's counsel on notice that it has serious concerns about the viability of Edwards's claims in the face of the immunity arguments put forward by the defendants in their original motion to dismiss, and in light of the fact that plaintiff's counsel did not meaningfully amend the complaint to address them. Assuming that

these arguments are renewed, Edwards's counsel would do well to respond with significantly more substance than he did to the defendants' initial motion to dismiss.

\* \* \*

It is ORDERED that plaintiff Marcus Edwards's motion for leave to file his first amended complaint (doc. no. 24) is treated as a motion for permission to file his amended complaint two days late, and granted.

It is further ORDERED that plaintiff Edwards's motion for an order to show cause (doc. no. 27), which is actually not a motion but instead his response to the court's order to show cause, is denied as improperly docketed.

DONE, this the 9th day of June, 2016.

                                        /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**